IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ROSCHELL LAMB, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00291-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Roschell Lamb, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a

whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff argues that the Administrative Law Judge (ALJ) incorrectly determined she did not meet the criteria for Listing 12.05C. (Doc. No. 13 at 11-17.) In considering whether Plaintiff's impairment met 12.05, the ALJ concluded that she failed to meet the paragraph A, B, and C criteria. (Tr. 94-95.)

The Court has reviewed the medical evidence and the completed Psychiatric Review Technique Form[1] (Tr. 357-69) and finds that substantial evidence supports the ALJ's decision. A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

Under Listing 12.05, a Plaintiff must first meet the requirements of the introductory paragraph, then the subparagraph criteria before he may be found to meet the listing. See Listing 12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing."). Listing 12.05's introductory paragraph defines "intellectual disability" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. So, "[t]o be considered for disability benefits

---

[1]In addition to the five-step sequential evaluation process noted above, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. § 404.1520a. The steps of this process are documented by the completion of a standard form, the Psychiatric Review Technique Form. 20 C.F.R. § 404.1520a(d).

under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

The contention in this case arises from conflicting mental evaluations. In Plaintiff's favor is the evaluation performed by Kenneth Jones, Ph.D. (Tr. 413-20.) This evaluation concludes that Plaintiff is extremely limited and cites Wechsler Adult Intelligence Scale-IV scores that suggest mild mental retardation. (Tr. 417-18.) But on the other hand, the evaluation by Samual Hester, Ph.D., diagnosed Plaintiff on Axis II with a learning disability but concluded she is generally capable of performing work related activities. (Tr. 321-23.) Additionally, Anita Wells, Ph.D., performed a Mental Diagnostic Evaluation and Intellectual Assessment and diagnosed Plaintiff on Axis I with malingering. (Tr. 341.)

A review of the ALJ's written opinion reveals the ALJ clearly considered all the evidence but gave greater weight to the findings of Drs. Wells and Hester. (Tr. 101-2.) And the ALJ has the duty to resolve conflicting medical evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). While Plaintiff has certainly offered evidence supporting disability, credibility determinations and the weight given to evidence are the prerogatives of the fact finding ALJ, within broad limits. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

More importantly, the ALJ also properly focused on Plaintiff's ability to function rather than on a diagnosis or IQ scores. Here, Plaintiff's own testimony and statements fail to support an allegation of complete disability. As the ALJ noted, "she had multiple years of work at or above the level of substantial gainful activity and some of it was semi-skilled; she was able to travel between Missouri and Arkansas; she was able to obtain a driver's license. (Tr. 94.) Additionally, Ms. Lamb testified while working to obtain a GED she "was told that she was at a 6th grade level; and based on reports to Dr. Hester in May 2011, she was able to drive unfamiliar routes, perform her own shopping, pay her own bills and socialize with friends." *Id*. While parts of her testimony and

statements also indicated some degree of limitation, the ALJ could properly determine these limitations were not disabling.

Plaintiff has advanced other arguments which the Court finds are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 21st day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE